# NO. 12-18-00170-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANDREW CHRISTIAN RIVERA,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Andrew Christian Rivera appeals his conviction for possession of a controlled substance in a drug free zone. In two issues, he argues that the evidence is insufficient to support the trial court's judgment revoking his community supervision and that the sentence imposed constitutes cruel and unusual punishment. We affirm.

### BACKGROUND

On March 30, 2017, Appellant pleaded "guilty" to possession of a controlled substance in penalty group one, less than one gram, in a drug free zone, a third degree felony. Pursuant to a plea agreement with the State, the trial court deferred finding Appellant "guilty," and placed him on community supervision for ten years. On November 29, the State filed a motion to adjudicate guilt alleging that Appellant violated the terms and conditions of his community supervision. On April 2, 2018, the State filed a first amended motion to adjudicate guilt alleging additional violations. After a hearing on the State's first amended motion, the trial court found that Appellant violated the terms and conditions of his community supervision, proceeded to find him "guilty," and sentenced him to seven years imprisonment. This appeal followed.

In his first issue, Appellant argues that the evidence is insufficient to support the trial court's judgment revoking community supervision and adjudicating guilt.

## Standard of Review and Applicable Law

A revocation proceeding is neither criminal nor civil in nature—rather, it is an administrative proceeding. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Canseco v. State*, 199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). We review a trial court's judgment revoking community supervision and adjudicating guilt for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Guerrero v. State*, 554 S.W.3d 268, 273 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The trial court has discretion to revoke community supervision when a preponderance of the evidence supports at least one of the State's alleged violations of the conditions of community supervision. *Guerrero*, 554 S.W.3d at 273 (citing *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012)).

In a revocation proceeding, the trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to witnesses' testimony. *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974). Proof of a single violation is sufficient to support a revocation of community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *see Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision." (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978)). Thus, to prevail on appeal, a defendant must successfully challenge all the findings that support the trial court's revocation order. *See Garcia*, 387 S.W.3d at 26; *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Guerrero*, 554 S.W.3d at 274.

## Discussion

The State alleged several violations of community supervision. The trial court found it "true" that Appellant failed to (1) report to his supervision officer from September 2017 through March 2018, (2) report a change of address, (3) complete community service, (4) report his address and phone number, and (5) pay restitution. The court found allegations that Appellant failed to pay his court costs, fine, and various other fees "not true" because the State did not carry its burden

to prove Appellant had the ability to pay the fees. Further, the Court found an allegation that Appellant possessed a firearm "not true."

The State called Mandy Zehren from the Smith County Community Supervision Department (SCSD), as well as Melanie Goolsby and Jose Cruz from the Houston County Community Supervision Department (HCSD).[1] Zehren testified as a custodian of records from SCSD's file, because Appellant's supervising officer was no longer employed by SCSD. Zehren testified that, on August 7, 2017, Appellant told his supervising officer he was leaving Smith County and moving to Harris County. Zehren testified that his supervising officer told Appellant that he must contact HCSD, and Appellant responded that he had already notified them. Thereafter, SCSD closed their file and sent a letter to HCSD to that effect. Zehren testified that Appellant did not provide a forwarding address in Harris County to SCSD.

Goolsby testified that she is the indirect case manager for HCSD, and is tasked with facilitating community supervision transfers. She received the letter from SCSD that Appellant moved to Harris County and SCSD had closed their case. Goolsby testified that she unsuccessfully attempted to contact Appellant by phone and by mail. She testified that Appellant was required to notify HCSD within forty eight hours of any address or phone number changes, but did not do so. Goolsby spoke with Appellant when he contacted HCSD on January 5, 2018, and instructed him to provide his new address and report in person, but he failed to comply.

Cruz, a supervision officer with HCSD, testified he also spoke with Appellant on January 5 by telephone. Appellant called to inquire about transferring his community supervision to Harris County. Appellant told Cruz he no longer lived in Smith County and was reporting in Harris County on another charge. Cruz learned that Appellant had not reported since SCSD closed its file and a warrant had been issued for Appellant's arrest. Cruz informed Appellant to provide his new address and report in person to HCSD, but Appellant failed to comply.

Appellant argues that "[t]he State's witnesses…recited from records and other data, but handicapped by little or no contact with the Appellant [sic]." Appellant follows this assertion with a summary of Texas Court of Criminal Appeals case law regarding sufficiency challenges to support his assertion that this Court "should find that the evidence as applied to the legal and

---

[1] Appellant committed the offense in Houston County, and was placed on community supervision in Houston County. His community supervision was transferred to Smith County and he was reporting there, but later moved to Harris County.

constitutional standards is deficient, and thus the conviction should be vacated, and the matter remanded." We note that Appellant does not argue any error in the admission of the evidence at the revocation hearing; rather, Appellant seems to argue that because the State's witnesses relied on notes contained in their files, there was a fatal evidentiary gap in the State's case.

Appellant's complaints about the State's witnesses' relying on records to provide their testimony is an evidentiary challenge couched as a sufficiency challenge, which we will not address. *See* TEX. R. APP. P. 38.1(f) (brief must state concisely all issues or points presented for review), (i) (brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record). The testimony from the State's witnesses provided sufficient evidence for the trial court to form the reasonable belief that Appellant failed to report and failed to provide a change in address in accordance with the terms and conditions of his community supervision.

Thus, because there is sufficient evidence to support at least a single violation, we conclude that the trial court did not abuse its discretion in adjudicating Appellant's guilt and revoking his community supervision. See *Guerrero*, 554 S.W.3d at 273; *Rickels,* 202 S.W.3d at 763; *Garcia*, 387 S.W.3d at 26; *Smith*, 286 S.W.3d at 342.

## CRUEL AND UNUSUAL PUNISHMENT

In his second issue, Appellant argues that his sentence is grossly disproportionate to his crime and constitutes cruel and unusual punishment.

## Discussion

In order to preserve for appellate review that a sentence is grossly disproportionate, thus constituting cruel and unusual punishment, a defendant must present to the trial court a timely objection, request, or motion stating the specific grounds for the ruling desired. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995). Preservation of error is a systemic requirement that this Court should ordinarily review on its own motion as a threshold issue. *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009); TEX. R. APP. P. 33.1. A review of the record shows that Appellant lodged no objection to the constitutionality of his sentence at the trial court level, and thus failed to preserve error for

appellate review.  *See Kim*, 283 S.W.3d at 475; *see also Rhoades*, 934 S.W.2d at 120; *Curry*, 910 S.W.2d at 497; *Mays*, 285 S.W.3d at 889; TEX. R. APP. P. 33.1.

Had Appellant preserved error, we would nevertheless conclude that his sentence does not constitute cruel and unusual punishment.  The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII.  This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment.  *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666-667, 82 S. Ct. 1417, 1420-21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref d); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd).  Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App.1973); *Davis*, 905 S.W.2d at 664.  In this case, Appellant was sentenced to seven years imprisonment for possession of a controlled substance in a drug free zone, a third degree felony, the punishment range for which is two to ten years imprisonment.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(b),481.134(d)(1) (West 2017); TEX. PENAL CODE ANN. § 12.34(a) (West 2011).  Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.  *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983).  Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions.  *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements.  *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert.*

*denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also* ***Jackson v. State***, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in ***Rummel v. Estelle*** in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In ***Rummel***, the Supreme Court considered the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See **id***., 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80 worth of goods or services and the other for passing a forged check in the amount of $28.36. ***Id***., 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. ***Id.***, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In this case, the offense committed by Appellant—possession of a controlled substance in a drug free zone—is certainly no less serious than the combination of offenses committed by the appellant in ***Rummel***, while Appellant's seven year sentence is far less severe than the life sentence upheld by the Supreme Court in ***Rummel***. Thus, it is reasonable to conclude that if the sentence in ***Rummel*** is not constitutionally disproportionate, neither is the sentence assessed against Appellant in this case. For the above reasons, we overrule Appellant's second issue.

## CONCLUSION

Having ***overruled*** Appellant's two issues, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered January 23, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 23, 2019**

**NO. 12-18-00170-CR**

**ANDREW CHRISTIAN RIVERA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 17CR-029)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*