**Opinion filed July 18, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00010-CR
_____

## RUMALDO DELGADO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 16-7656**

## MEMORANDUM OPINION

Appellant, Rumaldo Delgado, originally pleaded guilty to the third-degree felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2018). Pursuant to the terms of a plea agreement, the trial court assessed Appellant's punishment at confinement for five years and a fine of $2,000, suspended the sentence of confinement, and placed Appellant on community supervision for five years. The State subsequently filed an application to revoke Appellant's community supervision. The trial court held a contested hearing on the

State's application to revoke, found the State's allegations to be true, revoked Appellant's community supervision, and sentenced Appellant to five years' confinement. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, a copy of the clerk's record and the reporter's record, and an explanatory letter. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 48.4, 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Appellant has not filed a pro se response to counsel's *Anders* brief.

In addressing an *Anders* brief, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit.[1] The State presented evidence in support of the allegations in its

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

2

application to revoke community supervision. In that regard, we note that "'one sufficient ground for revocation [will] support the trial court's order revoking' community supervision." *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978)); *see also Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Further, absent a void judgment, issues relating to the original conviction may not be raised in an appeal from a revocation proceeding. *Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016). Based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

PER CURIAM

July 18, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.