Mark REEDER, Plaintiff–Respondent,

v.

**BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, MISSOURI, Defendant–Appellant.**

No. WD 42954.

Missouri Court of Appeals, Western District.

Oct. 2, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 1990.

Application to Transfer Denied Jan. 9, 1991.

R. Christopher Abele, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, J.

Emmett Logan, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, for defendant-appellant.

Michael W. Manners, Charles Robert Buckley, Paden, Welch, Martin & Albano, Independence, for plaintiff-respondent.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

TURNAGE, Presiding Judge.

Mark Reeder was discharged as a police officer in the City of Kansas City for making a political contribution in violation of § 84.830.1, RSMo 1986. On appeal to the circuit court that decision was reversed. The Board of Police Commissioners appeals and contends that the Board acted properly in discharging Reeder. Reversed.

Reeder joined the Kansas City Police Department in January, 1972 and rose to the rank of sergeant. In July, 1982, Reeder learned that a childhood friend of his was serving as treasurer of the Carnes For Congress Committee and the friend spoke with Reeder about making a contribution to the campaign. Reeder admittedly made a $500 contribution.

When the Reeder contribution came to the attention of the Chief of Police he promptly invoked § 84.830 and began the procedure to have Reeder discharged. Section 84.830.1 provides:

> No officer or employee in the service of said police department shall directly or indirectly give, pay, lend, or contribute any part of his salary or compensation or any money or other valuable thing to any person on account of, or to be applied to, the promotion of any political party, political club, or any political purpose whatever.

Section 84.830.8 provides that any officer who shall be found by the Board to have violated such section shall be forthwith discharged. After a hearing, the Board found that Reeder had violated the law by making the contribution and dismissed him from the service.

Reeder filed suit in federal court alleging that his dismissal was not valid because the

state statute was preempted by the Federal Election Campaign Act Amendments of 1974, that it violated his First Amendment right to free speech, and that it deprived him of the equal protection of laws. In *Reeder v. Kansas City Bd. of Police Com'rs*, 733 F.2d 543 (8th Cir.1984), the court ruled against Reeder on the first two grounds but remanded for a hearing on the equal protection claim. In *Reeder v. Kansas City Bd. of Police Com'rs*, 796 F.2d 1050 (8th Cir.1986). *cert. denied* 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 1000 (1987), the court ruled against Reeder on the equal protection ground.

The Board contends the statute is to be applied as written. Reeder contends that the statute is a penal statute because it provides a penalty of discharge for its violation. Reeder states that penal statutes are to be strictly construed and contends that this statute, because it is penal in nature, is to be construed in the same manner as a criminal statute. He further argues that criminal statutes require that a violation be shown to have been knowing, or with intent, and therefore a violation of the statute in question must be shown to have been knowing. In other words, the violation must have been committed with intent to violate the law. Reeder builds his argument on this foundation and contends that the evidence is insufficient to show that he knowingly violated the statute. Since Reeder admits that he made the political contribution, his argument seems to be that he did not know about the law, or if he did at one time know of its existence, he had forgotten about it at the time the contribution was made.

■ The argument that Reeder did not know about the law or had forgotten about it is answered by the proposition that ignorance of the law or mistake of law is no excuse for violating the law. *Kansas City v. LaRose*, 524 S.W.2d 112, 120[14, 15] (Mo. banc 1975).

■ In any event, the flaw in Reeder's argument is that the requirement for strict construction of a penal statute means that a civil statute, penal in nature, is converted into a criminal violation with all of the

attributes of a criminal statute. Reeder cites no authority for his contention. This court rejects such contention and holds that merely because a civil statute is penal in nature does not convert it into a criminal statute and subject it to all of the requirements of the criminal law.

Although the term "strict construction" has not always enjoyed a fixed meaning, the generally accepted definition was given by this court in *Moore v. Western Union Telegraph Co.*, 164 Mo.App. 165, 148 S.W. 157, 159[6] (1912):

But by the expression "strict construction" is meant that the scope of the statute shall not be extended by implication beyond the literal meaning of the terms employed, and not that the language of the terms shall be unreasonably interpreted. Courts should neither enlarge nor narrow the true meaning of penal statutes by construction, but should give effect to the plain meaning of words and where they are doubtful, should adopt the sense in harmony with the context and the obvious policy and object of the enactment.

Also, in *Cummins v. Kansas City Public Service Co.*, 334 Mo. 672, 66 S.W.2d 920, 925[7–10] (banc 1933), the court discussed the fact that penal statutes are given a strict construction and stated:

The primary rule of construction of statutes is to ascertain the lawmakers' intent, from the words used if possible; and to put upon the language of the Legislature, honestly and faithfully, its plain and rational meaning and to promote its object, and "the manifest purpose of the statute, considered historically," is properly given consideration.

Thus the fact that § 84.830 is a penal statute and is subject to strict construction does not mean that this court is at liberty to rewrite the statute to include a requirement that a violation be shown to have been made with the intent to violate the statute. Rather, it means that this court must give effect to the plain meaning of the words used in the statute to insure that the purpose of the statute is carried out.

■ The purpose of § 84.830, as stated in *Pollard v. Board of Police Com'rs*, 665

S.W.2d 333, 336[1] (Mo. banc 1984), is to assure that those who seek a career in law enforcement in the Kansas City Police Department are not obligated to publicly align with a political group or bow to the wishes of politicians to guarantee retention or promotion and to assure the public that police protection is available without political influence. It would thwart the will of the legislature to impose a requirement that a violation is required to be shown to have been made with intent to violate the statute. The intent of the legislature in passing the statute is clear that it should be enforced in an unblinking fashion. This court has no power to rewrite the statute under the guise of giving it a strict construction.

This statute was held to be constitutional in *Pollard* and in *Reeder I* and there is no reason that the statute should not be enforced as written. The Board correctly enforced the statute without rewriting it and this court must do the same.

The judgment is reversed and this cause is remanded to the circuit court with directions to enter judgment affirming the action of the Board of Police Commissioners in discharging Reeder.

All concur.