**Affirmed and Memorandum Opinion filed January 27, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00592-CR

---

**ALCIDE LEWIS RICHARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 1610159**

---

### MEMORANDUM OPINION

Appellant Alcide Lewis Richard pleaded guilty to a felony offense and was placed on deferred adjudication community supervision. Within a few months, the State filed a motion to adjudicate guilt. After an evidentiary hearing, the trial court adjudicated appellant's guilt and sentenced him to seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In two issues, appellant contends the trial court erred by improperly admitting hearsay statements and business records during the adjudication hearing and by finding that appellant

violated a condition of his community supervision by committing the felony offense of credit/debit card abuse. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with assault of a family member and pleaded guilty with an agreed recommendation of deferred-adjudication community supervision for five years. The State subsequently moved to adjudicate appellant's guilt, alleging that during the five-year community supervision period appellant committed a new offense, namely credit/debit card abuse.

At the hearing on the State's motion to adjudicate, the State called two witnesses: Tanika Moore, the trial court's liaison officer with the Harris County Probation Department, and Deputy Stephanie Quintanilla with the Harris County Sheriff's Office, the investigator who arrested appellant for the offense of debit/credit card abuse.

At the hearing, Moore identified appellant as the person placed on community supervision for the underlying offense of assault of a family member. Moore confirmed that appellant had agreed to the terms of community supervision. When asked about appellant's compliance with those terms, without intervening objection, she testified as follows:

> Q. And has the defendant adhered to those terms and conditions explained to him?
>
> A. From what I understand, from the documents provided, he did not adhere to any conditions of his probation.[1]

Moore also remarked that appellant violated his first condition, to "[c]ommit no

---

[1] Although it could be implied from the record that Moore was referring to the "Court's File" marked as Exhibit 1, which included the State's motion, the judgment, and the terms of community supervision, Moore did not specify, and counsel did not clarify, to which "documents provided" she was referring.

2

offense against the laws of this state or any other state or of the United States," based on allegations that he "commit[ed] a credit/debit card abuse." Appellant's counsel did not object during the State's direct examination of Moore and did not cross examine Moore.

Deputy Quintanilla testified that she was dispatched to a Harris County address on a "meet-the-citizen" call. There she met appellant, his nephew, and his nephew's girlfriend, Dajhanei McNeal, and discovered that appellant and his nephew had been in an altercation. When asked about the basis of the altercation, Quintanilla testified over appellant's hearsay objection that "[McNeal and appellant's nephew] were trying to bring [appellant] back to the residence where [McNeal and appellant's nephew] were allowing [appellant] to stay [], basically, so [appellant] could speak with the female – with McNeal and, basically, tell her what he had done with her credit card."

Shortly thereafter, without objection, Quintanilla testified appellant "confirmed that he had spent that from the credit card." And in a series of questions about her conversation with appellant, Quintanilla was asked "if the credit card owner provide[d] [appellant] any consent to use the credit card, to which Quintanilla responded, "No." Appellant's counsel objected to the question solely on hearsay grounds and the court overruled the objection.

The State offered portions of Quintanilla's body-camera video into evidence, which excluded her conversations with McNeal and appellant's nephew, but included Quintanilla's conversation with appellant about the allegations. After watching the video, Quintanilla was asked again about her exchange with appellant as it pertained to the allegations, and testified:

> Q. (By Mr. Cherian) Deputy, in that portion of the video we watched, what did you ask the defendant?

3

A. If he took the money.

Q. And what was his response?

A. That she knew that he had it.

After presenting both witnesses, the State offered eighteen pages of bank records from Woodforest National Bank (Bank Records) associated with the debit/credit card account.

The records were supported by a custodial affidavit; the custodian was not at the hearing, nor was any other bank employee or other sponsoring witness. Appellant did not object to the custodial affidavit or the lack of a sponsoring witness, but objected that the records contained "hearsay nestled within hearsay," and "violate[d] confrontation." Appellant first generally lodged these objections against all Bank Records without directing the court to any particular document, but later narrowed his objection to one particular document. The trial court overruled appellant's objections and admitted the records in their entirety.

After closing arguments, the trial court found the State's allegations true and found that appellant violated the terms and conditions of his community supervision. The trial court adjudicated appellant's guilt and sentenced him to seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

## II. ISSUES AND ANALYSIS

If the State alleges that a defendant on deferred adjudication has violated a condition of community supervision, then the defendant is entitled to a hearing for a determination by the trial court as to whether to proceed with an adjudication of guilt on the original charge. Tex. Code Crim. Proc. art. 42A.108(b) (West 2017). This determination is reviewable in the same manner as a community supervision revocation hearing conducted pursuant to Texas Code of Criminal Procedure article

4

42A.751(d). *Id.*; *see* Tex. Code Crim. Proc. Art. 42A.751 (West 2017).

We review an order revoking community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Guerrero v. State*, 554 S.W.3d 268, 273 (Tex. App.—Houston [14th Dist.] 2018, no pet.). A revocation hearing is not a criminal prosecution, and the degree of proof required to establish the truth of the allegation in a motion to adjudicate guilt and revoke community supervision is not the same. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). The State must show by a preponderance of the evidence that the defendant committed at least one violation of the conditions of his community supervision. *Rickels*, 202 S.W.3d at 763–64; *Guerrero*, 554 S.W.3d at 273. "This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his community supervision." *Guerrero*, 554 S.W.3d at 273; *see Rickels*, 202 S.W.3d at 764. The trial court abuses its discretion in revoking community supervision when the State fails to meet this burden. *Guerrero*, 554 S.W.3d at 273–74 (citing *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984)).

## A. Did the trial court abuse its discretion in admitting evidence over appellant's objections?

Appellant complains that the trial court erred when it admitted evidence over his hearsay and confrontation-clause objections at the hearing on the motion to adjudicate. We review the trial court's evidentiary ruling under an abuse-of-discretion standard. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

### *Standards governing hearsay and Confrontation-Clause objections, and preservation of those objections*

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Tex. R. Evid. 801(d). Generally, hearsay is not admissible. Tex. R. Evid. 802. For hearsay to be admissible, it must fit into an exception provided by a statute or the Rules of Evidence. *Id.* A statement not offered to prove the truth of the matter asserted is not hearsay. *Martinez v. State,* 22 S.W.3d 504, 508 (Tex. Crim. App. 2000). The admissibility of an out-of-court statement under the exceptions to the hearsay rule is within the trial court's discretion. *Zuliani v. State,* 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). A trial court's decision to admit or exclude hearsay will not be reversed absent a clear abuse of discretion. *Id.* An abuse of discretion occurs only when the decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.*

Properly authenticated records of regularly conducted business activity can be admitted into evidence as an exception to the hearsay rule. Tex. R. Evid. 806(6). A party may introduce business records into evidence without the testimony of a live witness, provided the records are accompanied by an appropriate affidavit. Tex. R. Evid. 902(10).

A general objection to an entire recording or set of records does not inform the trial court of a specific objection and does not preserve error. *Sonnier v. State*, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995). When a general objection is lodged as to an entire set of records or when a specific objection is lodged to only a specific statement in the document, a party is required to identify with specificity any other objectionable portions of the records. *See* Tex. R. Evid. 103(a)(1) (party may claim error in a ruling to admit evidence only if the error affects a substantial right and the party timely objected and stated the specific ground for the objection); Tex. R. App. P. 33.1(a) (complaints are not preserved for appellate review if not raised in the trial court by a timely objection that stated the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint); *Long v. State*, 800 S.W.2d

545, 548 (Tex. Crim. App. 1990) (objection must adequately notify the trial court of the basis of the complaint to preserve error); *Flores v. State*, 513 S.W.3d 146, 174 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd)(finding general hearsay objection to medical records did not preserve error as to any of the specific, unobjected-to statements complained of on appeal).

The Sixth Amendment provides that in all criminal prosecutions, the accused shall have the right to be confronted by the witnesses against him. U.S. Const. amend. VI. In *Crawford v. Washington*, 541 U.S. 36, 51, (2004), the Supreme Court of the United States held that the Sixth Amendment right of confrontation applies not only to in-court testimony, but also to out-of-court statements that are testimonial in nature. *Langham v. State*, 305 S.W.3d 568, 575 (Tex. Crim. App. 2010). The Confrontation Clause forbids the admission of testimonial hearsay unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. *Crawford*, 541 U.S. at 68.

For an accused to preserve error as to an alleged violation of his right under the Confrontation Clause to be confronted with the witnesses against him, the accused must make a timely objection with enough specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. *See* Tex. R. App. P. 33.1; *Craven v. State*, 579 S.W.3d 784, 786 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Torres v. State*, 424 S.W.3d 245, 255–56 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd)(holding that the objector must voice the Confrontation-Clause complaint as soon as the basis for the objection becomes apparent.)

### *Statements admitted through Officer Quintanilla's testimony*

Under his first issue, appellant asserts the trial court erred in overruling his hearsay objections to the following portions of Quintanilla's testimony:

Q. (By Mr. Cherian) What was the defendant's demeanor when you first encountered him that evening?

A. He was calm. He'd had an altercation with the male named Smith.

Q. And what was the basis of that altercation?

MR. DAVIS [appellant's counsel]: Object, calls for hearsay.

THE COURT: Overruled.

A. They were trying to bring him back to the residence where they were allowing him to stay there, basically, so he could speak with the female – with McNeal and, basically, tell her what he had done with her credit card.

MR. DAVIS: Objection. This answer is total hearsay, Your Honor.

THE COURT: Overruled.

Q. (By Mr. Cherian) And, Deputy, were you able to confront the defendant about the allegations that evening?

A. I did.

Q. And what were the nature of the allegations made against the defendant?

MR. DAVIS: Objection, calls for hearsay.

THE COURT: Overruled.

A. That he had taken the credit card of McNeal and made several transactions. I believe it was about a thousand 200.

Q. (By Mr. Cherian) And was that a Visa credit card?

MR. DAVIS: Objection, calls for hearsay.

THE COURT: Overruled.

A. I don't — I believe so.

Q. (By Mr. Cherian) And you stated that credit card was -- belonged to Ms. Dajhanei McNeal?

MR. DAVIS: Objection, calls for hearsay.

THE COURT: Overruled.

Following the above testimony Quintanilla testified that she asked appellant about "the nature of the allegations." Quintanilla responded that appellant confirmed that

8

he had used the credit card that was in McNeal's name. Recognizing no objection was lodged, appellant does not raise any significant argument about the admission of this testimony, but complains of what immediately followed, when Quintanilla responded "no" to the question whether the credit card owner provided consent to appellant to use the credit card. Appellant also complains of the trial court's rulings to his hearsay and confrontation-clause objections to subsequent testimony that consisted of "similar statements" attributable to McNeal.

We agree with appellant that the State did not establish through Deputy Quintanilla *without* a valid hearsay objection that appellant used the card without McNeal's effective consent. After having established that Quintanilla talked to McNeal and appellant about the allegations, and after Quintanilla testified that she could not recall if appellant told her that he had consent to use the card, Quintanilla was asked "if [McNeal] provide[d] [appellant] any consent to use the credit card." The question necessarily called for Quintanilla to provide an answer drawing upon McNeal's out of court statements. The trial court abused its discretion in admitting statements attributed to McNeal about her consent.

Although appellant later objected on Confrontation-Clause grounds to similar questions and answers while Quintanilla was on the stand—that McNeal did not consent to appellant's use of the card—this testimony was permitted multiple times without any Confrontation-Clause objection. Accordingly, appellant waived his Confrontation-Clause objections to this evidence. *See Torres v. State*, 424 S.W.3d 245, 255–56 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd)(finding that the objector must voice the Confrontation-Clause complaint as soon as the basis for the objection becomes apparent).

### *Bank Records*

Under his first issue appellant also complains that the trial court erred in

admitting the Bank Records over his hearsay and Confrontation-Clause objections. The Bank Records included an array of separate documents:

- A customer profile for Dajhanai Sheranique McNeal, indicating two separate debit cards with a status of "Lost or Stolen". (Customer Profile)

- A checking account agreement dated "02/01/2019", between Woodforest National Bank and Dajhanai Sheranique McNeal, containing McNeal's signature. (Cardholder Agreement)

- A completed form document titled "Uniform Single-Party or Multiple-Party Account Selection Form Notice" associated with a Woodforest Checking account signed by Dajhanai Sheranique McNeal and dated "02/01/2019". The form document provides boxes to indicate such information as the type of account (single or multi-party), and provides boxes to name "convenience signers" on the account. As completed, the form provides no indication that a multiparty account was selected; rather the initials "DM" signify account is "Single-Party Account With 'P.O.D.'", and designates "Amyri Mcneal" as a beneficiary. No "convenience signers" are named on the account. (Selection Form)

- Two Claim Files (one identified by the number "15577460" and the other identified by the number "15577419") which contain similar document relating to disputed transactions taking place on the 13th and/or the 14th of March 2019, pertaining to McNeal's debit card account, each including:

  - A cover sheet addressed to McNeal at the Greensbrook Forest Dr. residence.

  - A letter dated "3/25/2019" informing McNeal of the conclusion of the investigation, (Bank Letters). Both of the Bank Letters identify transactions disputed by McNeal on March 14, 2019.

  - An additional information form containing the contents of McNeal's interaction with the bank disputing charges prepared for McNeal's signature, (Unsigned Information Forms).

  - An affidavit prepared for McNeal's signature, listing asserted

unauthorized transactions taking place on the 13th and/or the 14th of March 2019. (Unsigned Affidavits of Unauthorized Activity).

Each of the above-described documents included in the Bank Records includes various statements (in addition to those we have provided in our summary description above), many of which are attributable only to the bank and its employees, and some attributable to McNeal and possibly others.

At the adjudication hearing, appellant first asserted general hearsay and Confrontation-Clause objections broadly challenging all Bank Records, referring to "these documents", without identifying any particular document or statement. Appellant explained that "these documents" contained hearsay within hearsay and were "created with litigation in mind". As the discussion advanced, appellant specifically referred to the fourth page from the last, presumably from one of the Affidavits of Unauthorized Use and explained, "[t]here's no way this isn't created for the purpose of litigation."[2] Appellant's general objections were not specific enough to preserve an objection to *all* documents contained within the Bank Records; he only preserved an objection to the Affidavit of Unauthorized Use. *See Flores v. State*, 513 S.W.3d 146, 174 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd)(finding general hearsay objection to medical records did not preserve error as to any of the specific, unobjected-to statements complained of on appeal).

On appeal, appellant limits his complaint to admission of "the claims of unauthorized card activity and the related affidavit included in these records, as well as the disputed transactions letter from the bank." He does not object to several

---

[2] Although appellant's counsel referred to the "fourth to the last page" of the Bank Records, which in our record of the Exhibit is the Bank Letter for "claim 15577419", the discussion between counsel indicates appellant's counsel's objection was targeted at one of the Unsigned Affidavits of Unauthorized Activity.

portions of the Bank Records, including the Customer Profile, the Card Agreement, Account Selection Form. Appellant challenges the contents of the Claim Files: the Bank's Letters addressed to appellant, and the forms prepared for McNeal's signature—the Unsigned Information Forms and Unsigned Affidavits of Unauthorized Activity. Because appellant failed to specify any document or statement at trial other than the Unsigned Affidavit of Unauthorized Activity, we conclude that appellant waived any objection on either basis to the remaining contents of the Bank Records.

As to the one Unsigned Affidavit of Unauthorized Activity, we presume without deciding that the trial court abused its discretion by admitting the complained-of document over appellant's hearsay and Confrontation-Clause objections.

## B. Was appellant harmed by the improperly admitted evidence?

The admission of a hearsay statement is non-constitutional error; it entitles the defendant to reversal only if it affects the defendant's substantial rights. Tex. R. App. P. 44.2(b).

With respect to the Confrontation-Clause objection that appellant preserved to the one Unsigned Affidavit of Unauthorized Activity, we will presume without deciding,[3] that appellant is entitled to a constitutional, harmless error standard. Tex. R. App. P. 44.2(a). Therefore, we must reverse unless we determine beyond a reasonable doubt that the error did not contribute to appellant's conviction or

---

[3] Though both parties seem to assume the applicability of the Confrontation Clause, we have not yet resolved the question of whether the right attaches in a hearing under section 42A.108. *See Bell v. State*, 566 S.W.3d 398, 407 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (noting the issue as undecided whether the Confrontation Clause applies to a deferred adjudication probation revocation proceeding).

punishment.  *Id*.

The erroneous admission of the complained-of testimony and the complained-of Unsigned Affidavit of Unauthorized Activity was harmless error. Generally, error in the admission of evidence is harmless if similar evidence was admitted without objection. *See Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998); *Bleimeyer v. State*, 616 S.W.3d 234, 256–57 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Evidence of a defendant's guilt is a factor to consider in a harm analysis. *Motilla v. State*, 78 S.W.3d 352, 360 (Tex. Crim. App. 2002).

The evidence was undisputed that appellant used McNeal's credit card. At the hearing, appellant challenged whether McNeal consented to his use of her credit card. Other evidence was admitted without objection on the element of lack of consent to use the credit card.  The Account Selection Form from the Bank Records indicates that appellant was not authorized to use the credit card as he was not named on the card agreement as a party to the account and not named as a "convenience signer."  The Customer Profile and Bank Letters provide evidence that McNeal had reported the card as lost or stolen on March 14, 2019 and disputed recent transactions made on the card.  The Unsigned Information Forms indicated that in the course of disputing transactions, McNeal denied that she had authorized others to use her card, and believed that appellant had taken and used her card without her consent.  The Unsigned Information Forms are significantly more specific, and more probative on the question of consent than the presumed erroneously admitted Unsigned Affidavit of Unauthorized Activity.

In light of the weight of the evidence properly admitted or admissible in the absence of a proper objection, we conclude beyond a reasonable doubt that the error did not contribute to the court's determination that appellant committed the alleged credit card abuse offense and thus violated the terms of his community supervision.

*See Haggard v. State*, 612 S.W.3d 318, 328 (Tex. Crim. App. 2020).

We therefore overrule appellant's first issue.

## C. Did the trial court err in finding true the allegation that appellant committed credit/debit card abuse as alleged by the State?

In his second issue, appellant challenges the trial court's finding that he violated the terms and conditions of his community supervision by committing a new offense. In conducting our review of the court's finding, we view the evidence in the light most favorable to the trial court's order. *Guerrero*, 554 S.W.3d at 273 (citing *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.)). In revocation hearings, the trial court is the sole trier of fact and determines the credibility of witnesses and the weight to be given to their testimony. *Id*. Proof of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Id.* at 274 (citing *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.)); *see Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) ("[P]roof of a single violation will support revocation.").

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the evidence is sufficient to support the finding that appellant violated condition "1" of his "Conditions of Community Supervision" by committing the offense of credit/debit card abuse. A person commits credit card abuse if "not being the cardholder, and without the effective consent of the cardholder, he possesses a credit card or debit card with intent to use it." Tex. Penal Code § 32.31(b)(8). The evidence that appellant used McNeal's credit card is undisputed, but appellant contends there is no evidence that appellant lacked the effective consent of McNeal. The preponderance of the evidence established that appellant used McNeal's credit card without her consent. As with other criminal offenses that require a lack of

14

effective consent, it may be proved solely by circumstantial evidence. *Hathorn v. State*, 848 S.W.2d 101, 106–107 (Tex. Crim. App. 1992). As described in our harmless error analysis above, there is substantial evidence in the Banks Records demonstrating lack of consent. The records show that McNeal sought to designate only herself as an authorized user of the card when she set up the card account a month prior to the alleged offense, and that she disputed transactions made with the card as unauthorized in the days leading up to appellant's confession to Quintanilla that he possessed the card. Such facts are sufficient to establish lack of consent. *See Lee v. State*, 962 S.W.2d 171, 174 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd)(citing cases where circumstantial evidence established lack of consent).

We overrule appellant's second issue.

### III. CONCLUSION

Having concluded the trial court's evidentiary errors were harmless and the evidence sufficient to support the court's finding that appellant violated the terms of his community supervision, we affirm.


/s/     Randy Wilson
Justice


Panel consists of Justices Zimmerer, Poissant and Wilson.

Do not publish — TEX. R. APP. P. 47.2(b).