**Affirmed as Modified and Opinion filed July 19, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00368-CR

---

**RAMON GUERRERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1391825**

---

## O P I N I O N

In two issues, appellant Ramon Guerrero challenges the trial court's revocation of his deferred adjudication community supervision. The State contends that appellant waived his right to appeal and thus we lack jurisdiction. Concluding we have jurisdiction over this appeal but appellant failed to challenge all findings in support of the revocation, we affirm, but we modify the trial court's judgment adjudicating guilt to delete the special finding by the trial court regarding appellant's right to appeal.

Appellant was charged with aggravated robbery with a deadly weapon, a first

degree felony.[1] Pursuant to a plea agreement, the State moved to reduce the charge to theft of person, a state jail felony, and asked the trial court to defer a finding of guilt and place appellant on community supervision for a period of four years.[2] As part of the plea agreement, appellant signed a waiver of appeal, which states that appellant "waive[d] any right of appeal." Appellant also signed a document entitled "Advice of Defendant's Right to Appeal," which states: "If you **pleaded guilty** . . . and accepted the punishment recommended by the prosecutor . . . you **cannot** appeal your conviction unless the Court gives you permission. If you **waived** or gave up your right to appeal, you **cannot** appeal your conviction" (emphasis in original). Appellant pleaded guilty to theft, and the trial court placed appellant on deferred adjudication community supervision for four years. The trial court signed a certification of appellant's right of appeal, stating the case "is a plea-bargain case, and the defendant has NO right of appeal."

Sixteen months after appellant pleaded guilty, the state filed a motion to adjudicate his guilt and revoke his community supervision. The State alleged in the motion to adjudicate that appellant violated numerous conditions of his community supervision. At the adjudication hearing, appellant pleaded not true to the alleged violations. The trial court revoked the community supervision and proceeded to final adjudication of guilt. The trial court found that appellant violated multiple terms and conditions of his community supervision.

Finding appellant guilty, the trial court assessed punishment at 20 months in state jail. In its judgment adjudicating guilt, the trial court included the following "special finding": "Appeal waived. No permission to appeal granted." The trial court signed a certification of defendant's right of appeal, in which the trial court certified the case "is

---

[1] *See* Tex. Penal Code § 29.03.

[2] *See* Tex. Penal Code § 31.03(e)(4)(B).

not a plea-bargain case, and the defendant has the right of appeal."

## I.  No Waiver of Right to Appeal Adjudication of Guilt and Sentencing

As an initial matter, we address the State's contention that appellant waived his right to appeal and thus we lack jurisdiction over the appeal. Appellant argues that we have jurisdiction because the trial court certified his right to appeal the trial court's adjudication of guilt and sentencing. The State argues that appellant waived his right to appeal pursuant to a plea bargain agreement as reflected in the judgment adjudicating guilt and the trial court's certification is defective.

In a case in which the defendant enters into a plea bargain for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision. *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). Thus, generally, a defendant's right to appeal is restricted only when the defendant appeals his placement on deferred adjudication community supervision pursuant to the original plea. *Id*. (citing Tex. R. App. P. 25.2(a)(2)).[3]

Appellant pleaded guilty and waived his right to appeal at the time he entered the plea bargain agreement with the State, and the State agreed to recommend the reduction of the offense from a first-degree felony to a state jail felony and four years of deferred adjudication. The trial court accepted the plea agreement and deferred

---

[3] Texas Rule of Appellate Procedure 25.2(a)(2) states:

A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal.

adjudication of the charged offense. The trial court certified at that time that this was a plea bargain case and appellant did not have the right to appeal.

After the adjudication hearing, the trial court found appellant violated multiple conditions of community supervision and then sentenced appellant to 20 months' confinement. The trial court subsequently certified appellant's right to appeal.

The State argues the trial court's certification after the adjudication hearing and sentencing stating that appellant has a right to appeal is defective. In determining whether an appellant in a criminal case has the right to appeal, we examine the trial court's certification for defectiveness, defined as a certification that is "correct in form but which, when compared to the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). If the certification appears to be defective, we must obtain a correct certification. *Id.* at 614–15.

In this case, the trial court's certification after the adjudication hearing and sentencing states that this is not a plea bargain case and appellant has the right to appeal. The trial court was correct. Albeit limited in scope, appellant had the right to appeal the revocation of his community supervision. *See* Tex. Code Crim. Proc. art. 42A.108(a)-(b) ("The determination to proceed with an adjudication of guilt on the original charge [on violation of a condition of deferred adjudication community supervision] is reviewable in the same manner as a revocation hearing . . . in a case in which the adjudication of guilt was not deferred."); Tex. Crim. Proc. Code art. 42A.755(e) ("When the defendant is notified that the defendant's community supervision is revoked for a violation of the conditions of community supervision and the defendant is called on to serve a sentence in a jail or in the Texas Department of Criminal Justice, the defendant may appeal the revocation."). When a plea bargain does not relate to the subsequent adjudication hearing, but only to the exchange of a guilty plea on the original offense for deferred adjudication, the trial court is required to

4

"check the box on the certification form [after the adjudication hearing] indicating that the case 'is not a plea-bargain case, and the defendant has the right of appeal.'" *Hargesheimer*, 182 S.W.3d at 913; *see also Galindo v. State*, No. 03-17-00560-CR, 2018 WL 829191, at *1 (Tex. App.—Austin Feb. 8, 2018, no pet.) (mem. op., not designated for publication).

The State argues, however, that appellant waived his right to appeal the trial court's adjudication of guilt and sentencing, which the State contends a defendant can do in exchange for consideration by the State for that waiver.[4] *See Ex parte Broadway*, 301 S.W.3d 694, 698-99 (Tex. Crim. App. 2009). But the record does not show that appellant waived his right to appeal the adjudication of guilt or sentencing. The record shows only that appellant agreed to waive his right to appeal "should the court accept the foregoing plea bargain agreement." The waiver, signed well before the adjudication hearing, does not include language indicating that appellant agreed to waive his right to appeal a later adjudication of guilt or sentencing.[5] *Cf. Gibson v. State*, No. 14-17-00797-CR, 2017 WL 4797717, at *1 (Tex. App.—Houston [14th Dist.] Oct. 24, 2017, no pet.) (mem. op., not designated for publication) (holding defendant's waiver of appeal signed during the adjudication proceeding as part of her agreement with the State to plead true to allegations in motion to adjudicate was binding); *Jackson v. State*, 168 S.W.3d 239, 241, 243 (Tex. App.—Fort Worth 2005, no pet.) (holding the waiver document that defendant signed the day of his adjudication hearing and ten years after his conviction and sentencing validly waived his right to appeal the trial court's judgment adjudicating guilt). Because there is no evidence in this record that appellant

---

[4] The State argues that its agreement to reduce the felony level of the offense was in consideration for appellant's agreement to waive his right to appeal after adjudication of guilt and sentencing.

[5] In the waiver, appellant stated that he "waive[d] any right of appeal which [he] may have." We conclude that under *Hargesheimer*, this language was not sufficient for appellant to waive his right to appeal his final adjudication hearing and sentencing. 182 S.W.3d at 912-13.

agreed to waive his right to appeal adjudication, we apply the general rule articulated by the Court of Criminal Appeals: a defendant's right to appeal adjudication is restricted only when made pursuant to the original plea. *See Hargesheimer*, 182 S.W.3d at 913. Thus, we have jurisdiction over this appeal. *See id.*

Appellant also argues that the trial court's certification of appellant's right to appeal conflicts with the special finding in the judgment adjudicating guilt that appellant waived his right to appeal and the trial court did not grant permission to appeal. We agree. We modify the court's judgment to delete the special finding. *See Ratcliff v. State*, No. 14-16-00068-CR, 2017 WL 3045587, at *4 (Tex. App.—Houston [14th Dist.] July 18, 2017, no pet.) (mem. op., not designated for publication) (citing Tex. R. App. P. 43.2(b) (providing court of appeals may modify the trial court's judgment and affirm as modified)); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (holding court of appeals may reform judgment to correct clerical error)).

## II.    Failure to Challenge All Grounds for Revocation Found by Trial Court

In its judgment adjudicating guilt, the trial court set out multiple violations by appellant of the terms and conditions of his community service.[6] At the adjudication hearing, the State introduced evidence that a urine sample submitted by appellant tested positive for marijuana. Appellant contends that the trial court erred in overruling his objection to the admissibility of the evidence regarding the process by which appellant's urine sample was analyzed. Accordingly, appellant has challenged the trial court's finding that appellant violated a condition of his community supervision by

---

[6] At the adjudication hearing, the trial court orally found that appellant violated his community supervision because he used, possessed, or consumed a "controlled substance, dangerous drug, marijuana, alcohol or prescription drug not specifically prescribed . . . by lawful prescription" and failed to submit to random drug and alcohol testing. In its judgment adjudicating guilt, the trial court found several more violations.

using marijuana. Appellant has not challenged the trial court's other findings.

We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court has discretion to revoke community supervision when a preponderance of the evidence supports at least one of the State's alleged violations of the conditions of community supervision. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his community supervision. *See Rickels*, 202 S.W.3d at 764. We view the evidence in the light most favorable to the trial court's order. *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The trial court is the sole trier of fact and determines the credibility of witnesses and the weight to be given to their testimony in revocation hearings. *Id*. The trial court abuses its discretion in issuing a revocation order when the State fails to meet its burden of proving by a preponderance of the evidence that appellant violated a condition. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984).

Proof of a single violation is sufficient to support revocation of community supervision. *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) ("[P]roof of a single violation will support revocation."). To prevail in his appeal asserting the trial court abused its discretion, the appellant thus was required to challenge all of the findings that support the revocation order. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged,

appellant's contention, even if correct, would not show an abuse of discretion."); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Because appellant failed to challenge all findings in support of the trial court's revocation, we need not address appellant's argument challenging the finding that appellant violated a condition of his community supervision by using marijuana. *See Joseph*, 3 S.W.3d at 640; *Henegar v. State*, No. 14-15-00529-CR, 2016 WL 5799094, at \*2 (Tex. App.—Houston [14th Dist.] Oct. 4, 2016, no pet.) (mem. op., not designated for publication).

### *Conclusion*

Concluding that we have jurisdiction over this appeal but appellant failed to challenge all grounds for revocation found by the trial court, we affirm the judgment of the trial court revoking appellant's community supervision and adjudicating appellant's guilt, but we modify the trial court's judgment adjudicating guilt to delete the special finding by the trial court that appellant waived his right to appeal and the trial court did not grant permission to appeal.


/s/      Martha Hill Jamison
         Justice


Panel consists of Justices Boyce, Jamison, and Brown.
Publish — Tᴇx. R. Aᴘᴘ. P. 47.2(b).