Opinion filed July 18, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00026-CR
_____

## JOHN GREGORY BROOKS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-45,345**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Appellant of the state jail felony offense of possession of less than one gram of cocaine and assessed Appellant's punishment at confinement for two years and a fine of $500. The trial court suspended the imposition of the sentence and placed Appellant on community supervision for five years. The State subsequently filed a motion to revoke, alleging four violations by Appellant of the conditions of his community supervision. Appellant pleaded true to all four alleged violations. The trial court found the State's allegations to be true,

revoked Appellant's community supervision, and sentenced Appellant to two years' confinement. We modify the trial court's judgment to correctly reflect Appellant's original sentence and the name of the attorney for the State and, as modified, affirm the trial court's judgment.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, a copy of the clerk's record and the reporter's record, and an explanatory letter. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. However, prior to counsel filing the *Anders* brief, this court received a letter filed by Appellant in the trial court. In that letter, Appellant asserted that the "piece of a crumb" that he possessed was too small to be tested, that he has been sentenced twice for the same crime in violation of the prohibition against double jeopardy, that the "second half is more than double of what the maximum amount carries," and that he received ineffective assistance of counsel.

In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new

2

counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record. In doing so, we note that "'one sufficient ground for revocation [will] support the trial court's order revoking' community supervision." *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978)); *see also Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.3d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Further, absent a void judgment, issues relating to the original conviction may not be raised in an appeal from a revocation proceeding. *Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016). Based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

However, we note that the trial court's February 5, 2019 Nunc Pro Tunc Judgment Revoking Community Supervision incorrectly reflects that Appellant's original sentence was probated for a period of two years and that the prosecutor was Rikke Earnest. We have the authority to modify the trial court's judgment to correctly reflect the trial court proceedings when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Therefore, we modify the trial court's February 5, 2019 Nunc Pro Tunc Judgment Revoking Community Supervision to reflect that the "Original Punishment Assessed" was "TWO (2) YEARS STATE JAIL DIVISION, TDCJ

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

3

PROBATED FIVE (5) YEARS FINE: $500.00" and that the "Attorney for State" was "Kortney Williams."

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court as modified.

PER CURIAM

July 18, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.