**Affirmed as Modified and Memorandum Opinion filed December 31, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00993-CR

---

**RONALD ABB MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1501421**

---

## MEMORANDUM OPINION

Appellant Ronald Moore appeals the trial court's revocation of his deferred adjudication community supervision. In four issues, he challenges the three grounds raised for revoking his community supervision and asserts that the trial court erred in the judgment by stating that he had pleaded "true" to the allegations against him. Concluding that the record supports at least one ground for revocation, i.e., that appellant committed a robbery while on community

supervision, but that appellant pleaded "not true" to the allegations, we modify the judgment to so reflect and affirm the judgment as modified.

## *Background*

On March 13, 2017, appellant pleaded guilty to the first-degree felony offense of possession of a controlled substance with intent to deliver. The trial judge then determined that the evidence presented substantiated appellant's guilt, but the judge deferred adjudication of guilt and placed appellant on community supervision for five years. The judge imposed a number of terms and conditions on appellant's community supervision, including that he (1) "[c]ommit no offense against the laws of this or any other State or of the United States," (2) "[r]eport to the Community Supervision Officer as directed for the remainder of the supervision term unless so ordered differently by the Court," and (3) "[s]ubmit to a screening and/or assessment through HCCSCD Assessment Unit by 03/22/2017."

On April 24, 2017, the State filed a Motion to Adjudicate Guilt, alleging that appellant had violated the "[c]ommit no offense" condition of his community supervision by committing a robbery. On August 21, 2017, the State filed an amended motion further alleging appellant had violated the conditions requiring him to report to a community supervision officer and submit to screening or assessment.

At the beginning of the hearing on the motion to adjudicate, the State recited the violations of community supervision conditions of which appellant was accused, and the judge asked appellant how he pleaded regarding the robbery allegation. Appellant responded, "Not true."

Harris County Probation Officer Dedria Hunter testified at the hearing regarding appellant's alleged failure to report to his community supervision officer

2

and submit to screening or an assessment. She further stated that her records showed appellant had been arrested in March 2017 for robbery but she had no personal knowledge regarding the alleged robbery.

Jamie Frisbie testified that on the morning of March 20, 2017, she was at a Valero convenience store playing a gambling machine. Appellant was also playing machines and was going in and out of the store. At some point, appellant accused Frisbie of taking over a game that he had been playing and in which he had left money. She responded that she had not done so. After this exchange, Frisbie said that appellant came into the store "fussing," acting erratic, and "showing his butt." A store employee called the police. When the police arrived, they talked to Frisbie and appellant but did not arrest appellant. Appellant then went outside.

Soon thereafter, Frisbie collected her winnings and also left the store. As she was walking to her truck, she saw appellant approaching her. She told him, "Don't hit me in the head and kill me," because she had had two brain surgeries and believed that he was about to attack her based on the "evil look on his face." Appellant hit Frisbie on the head and yanked her around, pulled her purse from her, ripped her earrings and necklace off, and threw her to the ground. Appellant then kicked Frisbie in the stomach before leaving with her purse in his car.

Frisbie said that after appellant left, "his old lady" appeared and threatened Frisbie, and then the police and EMS arrived. Frisbie told EMS personnel what her injuries were and that she did not want to go to the hospital but just wanted to go home and lie down. She said that she was very sore, her head hurt, and she had a mark on her neck from where appellant had pulled her purse off her. Frisbie had about $400 in her purse at the time appellant took it.

Baytown Police Department Corporal Norman Anderson testified that on March 20, he was dispatched to a Valero convenience store to respond to a report

3

of an assault at that location. When he arrived on the scene, Anderson approached Frisbie who was talking to EMS personnel. Anderson described her as "very distraught" and as having an injury to her left ear. Frisbie told Anderson that she had been assaulted and her purse was stolen. She further explained that her assailant had hit her on the head with his fist and knocked her to the ground. Anderson said that he observed injuries to Frisbie consistent with her description of the assault.

Anderson further said that when he first began speaking with Frisbie, he wondered if she might be "under the influence" because "she had some speech issues" but there were no other signs of intoxication and no smell of alcohol. Frisbie subsequently explained to Anderson why her speech was disrupted. Anderson then spoke with other witnesses whose information was consistent with what Frisbie had said. Based on the information he gathered, Anderson concluded that a robbery had occurred. Anderson further viewed surveillance video of the front of the convenience store, which showed appellant on the scene but not the alleged robbery. Anderson was able to identify appellant based on the video and the witnesses' descriptions. Anderson further explained that another officer identified appellant as the person involved in a disturbance at the same location shortly before the alleged robbery. On cross-examination, Anderson confirmed that his offense report did not include any reference to Frisbie saying that a female had come to the scene and threatened her.

Appellant acknowledged in his testimony that he was playing gaming machines at a Valero convenience store on the morning of March 20, 2017, but he asserted that he left the store and did not return after the police came one time. He said that someone stole his money out of one of the machines when he went to help someone retrieve keys that were locked inside a truck. He said that he asked two

4

men in the store if they took his money but did not ask Frisbie, who was also in the store. According to appellant, when he asked the cashier for his money, Frisbie interjected, "you ain't have no god-dang money." The cashier then said he would call the police, and appellant encouraged him to do so. Appellant said that when the police arrived, he urged them to watch the surveillance video, but they were unable to do so because the cashier did not have the proper code. Appellant insisted that he left after that, did not return, and did not have any physical altercation or contact with Frisbie. Appellant also explained that he was unable to meet with his community supervision officer because he was incarcerated for the alleged robbery.

At the conclusion of the hearing, the trial judge stated that he found Frisbie to be credible as a witness and that a preponderance of the evidence supported revoking appellant's community supervision. The judge then pronounced appellant guilty of possession of a controlled substance with intent to deliver and sentenced appellant to 25 years in prison for that offense. In the judgment, the judge erroneously noted that appellant had pleaded "true" to the robbery allegation.

### *Governing Law*

We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A revocation hearing is not a criminal prosecution, and the degree of proof required to establish the truth of the allegation in a motion to revoke community supervision is not the same. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). Specifically, in a revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763. The State satisfies this burden of proof when the greater weight of credible evidence before the trial court creates

a reasonable belief that it is more probable than not that the defendant has violated a condition of community supervision. *Id*. We view the evidence from the hearing in the light most favorable to the trial court's order. *Guerrero v. State*, 554 S.W.3d 268, 273 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The trial court is the sole trier of fact and determines the credibility of witnesses and the weight to be given to their testimony. *Id*. A trial court abuses its discretion in revoking community supervision if the State failed to meet its burden of proving by a preponderance of the evidence that appellant violated a condition. *Id*. at 273–74.

Proof of a single violation is sufficient to support a revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Accordingly, to prevail on appeal, appellant was required to challenge successfully all of the findings that support the revocation order. *See id*.

### *Analysis*

In his first three issues, appellant challenges the three grounds the State raised for revoking his community supervision. As stated above, one ground for revocation was that appellant committed a robbery while on community supervision.[1] A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the stolen property, the person (1) intentionally, knowingly, or recklessly causes bodily injury to another or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code § 29.02(a). Appellant contends in his first issue that the evidence was insufficient to prove that he committed robbery.

---

[1] At the hearing, the trial judge focused on the robbery allegation as the ground for revoking appellant's community supervision. Because we conclude that the evidence supported revocation based on this ground, we need not consider whether the trial court also found that the other two grounds—failure to report to a community supervision officer and failure to submit to screening or assessment—also supported revocation or whether those grounds were supported by evidence. *See Garcia*, 387 S.W.3d at 26.

In her testimony, Frisbie clearly and directly explained how appellant hit her on the head, yanked her around, pulled her purse off her neck, ripped her earrings and necklace off, threw her to the ground, and kicked her in the stomach before leaving with her purse. She also said that she had $400 in her purse at the time and that appellant had accused her of taking money he had left in a gaming machine shortly before the attack. Corporal Anderson testified that other witnesses at the scene provided information consistent with Frisbie's account, her injuries were consistent with her having been robbed, and appellant was visible on security video from the store around the time of the alleged robbery. The trial judge, who was the sole judge of witness credibility and the weight to be afforded to testimony, *see Guerrero*, 554 S.W.3d at 273, found Frisbie to be credible.

Appellant raises several bases for questioning the strength of the evidence against him; however, none of the arguments have merit. Appellant first suggests that Frisbie, who stated she had had two brain surgeries, may have been delusional and imagined the attack. In support of this hypothesis, appellant points out that no other eyewitnesses testified. The testimony of a single eyewitness, however, can be sufficient to support a finding beyond a reasonable doubt. *See Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (citing *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)). Here, the burden of proof was only a preponderance of the evidence. *See Rickels*, 202 S.W.3d at 763. Moreover, Anderson specifically stated that other witnesses at the scene provided information that corroborated Frisbie's account.

Appellant further speculates that Anderson was correct in surmising, when he first encountered Frisbie, that she may have been intoxicated. But, as Anderson himself indicated, Frisbie explained her speech difficulties by the fact that she had had two brain surgeries. Anderson also testified that Frisbie exhibited no other

signs of intoxication and did not smell of alcohol.

Appellant next suggests that Frisbie declined EMS transport to a hospital because she was not actually injured or, if she was, she sustained any injuries before she went to the Valero. Appellant does not cite any evidence supporting these theories, and both Frisbie and Anderson testified that she had injuries consistent with her account of the robbery. As trier of fact, the judge was entitled to believe their testimony. *See Guerrero*, 554 S.W.3d at 273.

Lastly, appellant points out that there was no evidence other than Frisbie's testimony that she had a purse with her that day, a female associate of appellant threatened Frisbie, or Frisbie's caretaker came to take her home after the robbery. Of these statements, only the one concerning the purse is relevant to the elements of the offense, and the judge was free to believe Frisbie's testimony that she had a purse that day, the purse contained $400, and appellant stole the purse. *See id*.

The evidence was sufficient to support the trial judge's finding that appellant committed robbery in violation of the conditions of his community supervision. Accordingly, we overrule appellant's first issue. Because this ground for revocation of appellant's community supervision is supported by the evidence, we need not consider appellant's second and third issues.

In his fourth issue, appellant asserts that the trial court erred in the judgment by stating that appellant had pleaded "true" to the allegations against him in the motion to adjudicate. Indeed, the record reflects that appellant actually stated "[n]ot true" when asked about the robbery charge and appellant was not asked about the other revocation grounds. The State concedes error. Accordingly, we sustain appellant's fourth issue.

8

## *Conclusion*

We modify the trial court's judgment to reflect that appellant pleaded "not true" to the allegations in the motion to adjudicate. We affirm the judgment as so modified.


/s/     Frances Bourliot
         Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — TEX. R. APP. P. 47.2(b).