COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Larry Darnell Eagans v. State of Texas

Appellate case number:    01-21-00420-CR

Trial court case number:  1614756

Trial court:              184th District Court of Harris County

The appellate record in this case indicates that the trial court's certification of appellant's right to appeal does not comport with the Texas Rules of Appellate Procedure because it may be defective. *See* TEX. R. APP. P. 25.2(d), 25.2(f), 34.5(c)(2); TEX. CODE CRIM. PROC. art. 44.02; *see also Jones v. State*, 488 S.W.3d 801, 804–05 (Tex. Crim. App. 2016) (a certification that is correct in form but inaccurate when compared to the record is defective). The record contains two, identical signed certifications. Each of the trial court's certifications, both signed on January 6, 2021, state that the defendant has waived the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Our review of the clerk's record indicates that the certifications may be defective. This order constitutes notice to all parties of the apparent defective certification of the right of appeal. *See* TEX. R. APP. P. 37.1.

The certification appears to be inconsistent with the judgment adjudicating guilt signed on December 3, 2020. While the appellant waived his right to appeal in the underlying plea bargain that led to his deferred adjudication, the record does not reflect that he entered a guilty plea in the subsequent adjudication proceedings. When a defendant enters into a plea bargain for deferred adjudication community supervision, the plea bargain is complete at the time he enters his plea of guilty in exchange for deferred adjudication community supervision. *Guerrero v. State*, 554 S.W.3d 268, 272 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006)); *see* TEX. R. APP. P. 25.2(a)(2). "[W]hen the defendant appeals from the proceeding on the motion to adjudicate guilt, Rule 25.2(a)(2) will not restrict appeal . . . ." *Hargesheimer*, 182 S.W.3d at 913. When a plea bargain does not relate to the subsequent adjudication hearing, the trial court is required to certify after the adjudication hearing that the case is not a plea bargain case, and the defendant has the right to appeal. *Id.*; *Guerrero*, 554 S.W.3d at 272.

The Texas Rules of Appellate Procedure require this Court to dismiss an appeal unless the record contains a written certification showing that the appellant has the right to appeal. *See* TEX. R. APP. P. 25.2(d). The rules also permit amendment of a defective certification and prohibit this Court from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right to appeal. *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we withdraw this appeal from submission, **abate** the appeal, and remand the cause to the trial court for further proceedings. The trial court is **ordered** to conduct a hearing within 30 days at which a representative of the Harris County District Attorney's Office and appellant's counsel must be present.

We **order** the trial court to:

1) make a finding whether the defendant has the right to appeal under TEX. R. APP. P. 25.2(a)(2);

2) if necessary, execute an amended certification of appellant's right to appeal;

3) make any other findings, conclusions, and recommendations the trial court deems appropriate; and

4) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the amended certification of appellant's right to appeal, if any, and any other findings, recommendations, and orders of the trial court with this Court **no later than 45 days from the date of this order**. *See* TEX. R. APP. P. 34.5(c)(2). The court reporter is directed to file the reporter's record of the hearing **within 55 days of the date of this order**.

The appeal is **abated**, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: ____/s/ Peter Kelly_____
        ☑ Acting individually   ☐ Acting for the Court


Date: __July 19, 2022____