**Affirmed and Memorandum Opinion filed August 3, 2023**



In The

# Fourteenth Court of Appeals

NO. 14-22-00650-CR,
NO. 14-22-00651-CR

**RASHID MUSTAFA ZEIGLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 1488454 and 1489084**

## MEMORANDUM OPINION

Appellant Rashid Zeigler was sentenced to deferred adjudication for a period of eight years for two counts of aggravated robbery with a deadly weapon. Alleging that appellant violated various terms and conditions of his community supervision, the State filed a motion to adjudicate guilt. Following a hearing, the trial court revoked appellant's community supervision, adjudicated him guilty of both offenses of aggravated robbery with a deadly weapon, and sentenced him to twenty-five

years' imprisonment. On appeal, appellant challenges the revocation, arguing that the State failed to prove by a preponderance of the evidence that he violated the terms of his supervision. We affirm the judgment of the trial court.

## *Background*

On August 9, 2016, the trial court sentenced appellant to deferred adjudication. In addition to a number of other standard conditions of community supervision, appellant was ordered to (1) commit no offense and report any arrests within 24 hours; (2) present verification of employment as directed; and (3) pay fines, fees, and court costs.

On January 25, 2021, the State filed its motion to adjudicate, alleging that appellant violated the terms and conditions of his community supervision by: (1) committing the criminal offense of aggregate theft; (2) using, possessing, or consuming Delta-9-Carboxy THC; (3) failing to present verification of employment; (4) failing to pay fees, fines, and court costs as directed; and (5) ingesting, using, possessing, or consuming alcohol or an alcoholic beverage.

The trial court held a hearing on the State's motion on April 13, 2022. At the revocation hearing, the State abandoned two of the alleged violations in its motion and proceeded only with the allegations that appellant: (1) committed aggregate theft, (2) failed to present verification of employment, and (3) failed to pay fees, fines, and court costs. The State called three witnesses, and appellant called one witness. Following the hearing, the trial court granted the State's motion and assessed appellant's punishment on each case at twenty-five years' imprisonment to run concurrently in the Texas Department of Criminal Justice.

On May 13, 2022, appellant filed a motion for new trial in each case. The trial court denied each motion on June 23, 2022. Appellant timely filed written notices of

2

appeal, and this appeal followed.

## *Governing Law*

We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A revocation hearing is not a criminal prosecution, and the degree of proof required to establish the truth of the allegation in a motion to revoke community supervision is not the same. *Hacker*, 389 S.W.3d at 864–65. The trial court has discretion to revoke community supervision when a preponderance of the evidence supports at least one of the State's alleged violations of the conditions of community supervision. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *See Rickels*, 202 S.W.3d at 764. We view the evidence in the light most favorable to the trial court's order. *Guerrero v. State*, 554 S.W.3d 268, 273 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The trial court is the sole trier of fact and determines the credibility of witnesses and the weight to be given to their testimony in revocation hearings. *Id.* The trial court abuses its discretion in issuing a revocation order when the State fails to meet its burden of proving by a preponderance of the evidence that appellant violated a condition. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *Guerrero*, 554 S.W.3d at 273–74.

Proof of a single violation is sufficient to support revocation of community supervision. *Guerrero*, 554 S.W.3d at 274. Thus, to prevail on appeal, appellant is required to challenge all of the findings that support the revocation order. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

## *Discussion*

In a single issue, appellant argues that the trial court abused its discretion in revoking his deferred adjudication community supervision because the State failed to prove by a preponderance of the evidence that he violated the terms of his supervision.

As stated above, one ground for revocation was that appellant committed aggregate theft while on community supervision.[1] Section 31.09 of the Penal Code provides that, "[w]hen amounts are obtained in violation of [Chapter 31: Theft] pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense." Appellant contends that the evidence was insufficient to prove that he committed aggregate theft.

Hershel Hughes, a general manager for Petco, testified at the revocation hearing. In his testimony, Hughes explained how appellant fraudulently refunded merchandise on several occasions. Merchandise that was never purchased was brought to the cash register. Appellant would process the returns on the unpaid merchandise and refund the customer in cash. In some cases, appellant would allow the customer to leave the store with the refund and merchandise that was just returned. Hughes explained that the store's return policy typically requires a manager code, but appellant's position was a "GALOD," which means that he was a leader on duty and did not require another manager to approve the return.

A loss prevention investigation was initiated. The fraudulent returns were

---

[1] Because we conclude that the evidence supported revocation based on this ground, we need not consider whether the trial court also found that the other two grounds—failure to present verification of employment and failure to pay fees, fines, and court costs—also supported revocation or whether those grounds were supported by evidence. *See Garcia*, 387 S.W.3d at 26.

captured on surveillance video, and the transaction receipts were linked to appellant's specific employee ID number. On January 5, 2021, appellant gave a written statement to Hughes and also spoke with Randall Snead, the store's loss prevention investigator. In his written statement, appellant stated:

> I Rashid, sometimes do bogus returs [sic] to guess [sic]. – did these type of returs [sic] mabey [sic] 10-20 times where I return all they items or some items. without taking the items back and let them keep the money. Then after that they would give me some money anywhere from $10 [to] $60. I started doing this around Oct. because of lack of money. Total amount in refunds cash $800 merchandise lost [sic] of 500-600.

Joshua Lawhorn, an officer with the Pasadena Police Department also testified. He stated that he was dispatched for an employee theft call. After speaking with Snead and meeting with Hughes, Officer Lawhorn collected appellant's written statement and store receipts and submitted them as evidence of the theft.

As stated above, the burden of proof was only a preponderance of the evidence. *See Rickels*, 202 S.W.3d at 763. By granting the State's motion, the trial judge, who was the sole judge of witness credibility and the weight to be afforded to testimony, *see Guerrero*, 554 S.W.3d at 273, found Hughes and Officer Lawhorn to be credible. Moreover, appellant provided a written statement admitting to the fraudulent transactions. Thus, the evidence was sufficient to support the trial judge's finding that appellant committed aggregate theft in violation of the conditions of his community supervision. Accordingly, we overrule appellant's sole issue on appeal. Because this ground for revocation of appellant's community supervision is supported by the evidence, we need not consider whether the other grounds were also supported by evidence. *See Garcia*, 387 S.W.3d at 26.

### Conclusion

We affirm the judgment of the trial court.

5

/s/  Frances Bourliot
Justice

Panel consists of Justices Bourliot, Hassan, and Margaret "Meg" Poissant.

Do Not Publish — TEX. R. APP. P. 47.2(b).