**Affirmed and Memorandum Opinion filed October 8, 2024.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-23-00687-CR

**RAFAEL TELLEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1606172**

## MEMORANDUM OPINION

Appellant Rafael Tellez challenges the revocation of his deferred-adjudication community supervision and the subsequently imposed 12-month jail sentence. For the reasons below, we affirm.

### BACKGROUND

In September 2018, a nineteen-year-old Appellant purchased a 2015 Ford Mustang from a dealership in Baytown, Texas. Appellant did not put any money

down for the car's purchase but, instead, used Complainant's driver's license to register Complainant as a co-signer on the associated loan.

Complainant contacted Baytown police the following day, stating that he had received a credit monitoring alert informing him that he had purchased a car. Complainant said he did not purchase the vehicle and that someone had fraudulently used his information to obtain the car loan.

Appellant was arrested shortly thereafter and charged with fraudulent use of identifying information. *See* Tex. Penal Code Ann. § 32.51. Appellant pled guilty to the charged offense and was placed on community supervision for three years.

The State filed a motion to adjudicate guilt in February 2023, asserting that Appellant violated several conditions of his community supervision. The trial court held a hearing on the motion and afterwards signed a judgment adjudicating guilt and sentencing Appellant to 12 months in jail. Appellant timely filed this appeal.

**ANALYSIS**

In his sole issue on appeal, Appellant asserts that the trial court's assessed punishment is against the vast weight of the evidence. Within this issue, Appellant raises two arguments: (1) the evidence is insufficient to show that Appellant violated the conditions of his community supervision, and (2) the trial court's 12-month sentence is not supported by the evidence. We consider these arguments separately.

## I.     Community Supervision Revocation

We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App.

2013); *Guerrero v. State*, 554 S.W.3d 268, 273 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The trial court has discretion to revoke community supervision when a preponderance of the evidence supports at least one of the State's alleged violations of the conditions thereof. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012); *Guerrero*, 554 S.W.3d at 273. This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Guerrero*, 554 S.W.3d at 273.

We view the evidence in the light most favorable to the trial court's order. *Guerrero*, 554 S.W.3d at 273. The trial court is the sole trier of fact and determines the credibility of witnesses and the weight to be given to their testimony in revocation hearings. *Id*. The trial court abuses its discretion in issuing a revocation order when the State fails to meet its burden of proving by a preponderance of the evidence that the appellant violated a condition. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984) (en banc); *Guerrero*, 554 S.W.3d at 273-74.

Here, the trial court found that Appellant violated three conditions of his community supervision:

- Using, possessing, or consuming an illegal drug, specifically, Appellant tested positive for carboxy THC (Marijuana) on June 21, 2021, and December 1, 2021.

- Failing to report to his community supervision officer as directed for the following months: June 2021, August 2021, November 2021, February 2022, April 2022, June 2022, September 2022, and November 2022.

- Failing to submit a non-diluted, valid, unaltered urine sample on the following dates: November 11, 2020, November 18, 2020, March 18,

3

2021, May 13, 2021, March 3, 2022, August 10, 2022, and January 26, 2023.

The State met its burden of proving by a preponderance of the evidence that Appellant violated these conditions. *Cardona*, 665 S.W.2d at 493-94; *Guerrero*, 554 S.W.3d at 273-74.

At the hearing on the State's motion to adjudicate, the trial court heard testimony from Kristi Cartwright-Palmer, Appellant's probation officer. Cartwright-Palmer testified that Appellant did not comply with the condition that he not use, possess, or consume any illegal drug and "tested positive for carboxy THC, which is marijuana, on June 21st of 2021 and December 1st of 2021."

Cartwright-Palmer testified that Appellant also failed to report to his community supervision officer "as scheduled for the months of June of 2021, August of 2021, November of 2021, February of 2022, April of 2022, June of 2022, September of 2022, and November of 2022." According to Cartwright-Palmer, protocol for a missed appointment requires that the client "either make contact with my office either via phone or e-mail" preferably before the date of the appointment or, "worst case scenario, on the date of your appointment." Cartwright-Palmer said Appellant failed to follow this protocol for his missed appointments.

Finally, Cartwright-Palmer testified that Appellant "failed to submit to a drug screen as ordered on November 11th of 2020, November 18th of 2020, March 18th of 2021, May 13th of 2021, March 3rd of 2022, August 10th of 2022, and January 26th of 2023." According to Cartwright-Palmer, Appellant informed her that he had "physical illnesses that were stopping him from testing." Cartwright-Palmer said she advised Appellant that "if he wasn't going to be able to provide the

4

samples, that he would need to provide some type of documentation, mental health documentation advising that he was having issues with providing the samples as required." Cartwright-Palmer said that Appellant did not provide this documentation.

Appellant also testified with respect to the alleged violations of his community supervision conditions. Appellant said he never smoked marijuana while on community supervision but did use CBD ointments. Appellant also said he never missed a community supervision appointment "without letting [his probation officer] know the day of." According to Appellant, "every single time [he] missed, [he] called her before [his] appointment or the day of."

With respect to the alleged failures to submit to a drug screen, Appellant explained:

> I never had a physical issue. It's just they only gave me two tries to pee. I have only two or three minutes. So there's times like when I'm trying to pee there, and then when I'm put on the spot, I can't pee. But I don't have a physical condition. It's just there were times and after the second try they said I couldn't test no more. So they counted it as me refusing, but I never refused to pee. They just told me I took too long.

In a nutshell, Cartwright-Palmer's and Appellant's testimonies differ markedly regarding whether Appellant violated the conditions of his community supervision. But resolving this evidentiary conflict fell squarely within the trial court's province as fact-finder and we will not revisit that resolution on appeal. *See Guerrero*, 554 S.W.3d at 273. Viewing the evidence in the light most favorable to the trial court's order, the trial court did not abuse its discretion in issuing a revocation order. *See Cardona*, 665 S.W.2d at 493-94; *Guerrero*, 554 S.W.3d at 273-74. We overrule Appellant's arguments on this point.

## II. Appellant's 12-Month Sentence

Appellant also asserts the 12-month jail sentence is grossly disproportionate to his crime. We disagree.

The Eighth Amendment prohibits cruel and unusual punishment, which includes extreme sentences that are grossly disproportionate to the crime. U.S. Const. amend. VIII; *Battle v. State*, 348 S.W.3d 29, 30 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). However, an appellant must preserve error to support a complaint on appeal that a sentence is unconstitutionally excessive or disproportionate. *See Quick v. State*, 557 S.W.3d 775, 788 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd); *Battle*, 348 S.W.3d at 30-31. Here, Appellant did not object to the imposition of his sentence or otherwise raise this complaint in the trial court. Accordingly, no error is preserved with respect to this argument. *See Quick*, 557 S.W.3d at 788; *Battle*, 348 S.W.3d at 30-31; *see also, e.g.*, *Davis v. State*, No. 14-20-00290-CR, 2021 WL 1222787, at *5 (Tex. App.—Houston [14th Dist.] Apr. 1, 2021, pet. ref'd) (mem. op., not designated for publication); *Chatman v. State*, No. 14-17-00919-CR, 2019 WL 3783578, at *2 (Tex. App.—Houston [14th Dist.] Aug. 13, 2019, no pet.) (mem. op., not designated for publication).

Waiver notwithstanding, Appellant has not shown that his sentence was grossly disproportionate to the offense for which he was convicted. We analyze Appellant's Eighth Amendment challenge by reviewing the proportionality of the sentence compared to the crime. *See Arriaga v. State*, 335 S.W.3d 331, 335 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *see also Graham*, 560 U.S. at 60. Our objective analysis is guided by (1) the gravity of the offense and the severity of the sentence; (2) the sentences imposed on other defendants in the same

jurisdiction; and (3) the sentences imposed for the commission of the offense in other jurisdictions. *Graham*, 560 U.S. at 60; *Arriaga*, 335 S.W.3d at 335.

The Texas Legislature has determined that fraudulent use of identifying information is a state jail felony punishable by a term of imprisonment not to exceed two years or less than 180 days. *See* Tex. Penal Code Ann. §§ 12.35(a), 32.51(b), (c)(1). This legislative policy determination is entitled to wide deference. *Arriaga*, 335 S.W.3d at 335.

Here, Appellant's 12-month sentence falls towards the lower end of the punishment range permitted by the Texas Penal Code. This sentence was imposed for the fraudulent use of identifying information which, in Appellant's case, meant using another person's identity to essentially steal a car. We conclude that the trial court's 12-month sentence is not grossly disproportionate to the offense for which Appellant was convicted. *See also, e.g.*, *Davis v. State*, No. 01-10-00216-CR, 2011 WL 1900569, at *1 (Tex. App.—Houston [1st Dist.] May 12, 2011, no pet.) (mem. op., not designated for publication) (two-year sentence assessed after the appellant "used another woman's social security and driver's license numbers in an application to rent an apartment"); *Seymour v. State*, No. 06-02-00111-CR, 2003 WL 245405, at *1 (Tex. App.—Texarkana Feb. 5, 2003, no pet.) (mem. op., not designated for publication) (the appellant sentenced to 18-month confinement for a series of theft by check offenses).

We overrule Appellant's arguments on this point. Having overruled all of Appellant's arguments, we overrule his first issue in its entirety.

## CONCLUSION

We affirm the trial court's judgment.

/s/ Meagan Hassan
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).