

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00144-CR
_____

LESLEY PAUL GRIFFIN III, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2021F00119

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

On February 4, 2022, Appellant, Lesley Paul Griffin III, pled guilty to criminal mischief of $2,500.00 or more but less than $30,000.00, which was enhanced to a third-degree felony upon Griffin's plea of true to a punishment enhancement paragraph. *See* TEX. PENAL CODE ANN. § 28.03(b)(4)(A) (Supp.). He received deferred adjudication and was placed on community supervision for a period of ten years. On July 17, 2024, the State filed an amended motion to revoke, alleging Griffin violated various terms of his community supervision. After a hearing on the motion, the trial court revoked Griffin's community supervision, adjudicated his guilt, and sentenced him to ten years' incarceration. Griffin appeals the trial court's revocation, arguing that "[a] sentencing court cannot properly revoke a defendant's community supervision for failure to pay a fine and make restitution, absent evidence and findings that he was somehow responsible."[1] Because Griffin failed to challenge all findings in support of the trial court's revocation, we affirm.

## I.      Standard of Review and Applicable Law

We review the trial court's decision to revoke community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). In doing so, we consider the sufficiency of the evidence supporting the basis for revocation. *Id.* "[A]buse of discretion" occurs "only when the trial judge's decision was so clearly wrong as to lie outside

---

[1]In companion cause number 06-24-00145-CR, Griffin appeals from the trial court's revocation of community supervision and adjudication of guilt for evading arrest with a motor vehicle. In companion cause number 06-24-00146-CR, Griffin also appeals from the trial court's revocation of community supervision and adjudication of guilt for possession of a prohibited substance in a correctional facility.

that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

"The burden of proof at a probation revocation hearing is by a preponderance of the evidence." *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Hacker*, 389 S.W.3d at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006)).

"Proof of a single violation of community supervision is sufficient to support a trial court's decision to revoke community supervision, . . . and we must affirm a trial court's judgment if an appellant does not challenge each ground on which the trial court revoked community supervision." *Olabode v. State*, 575 S.W.3d 878, 880–81 (Tex. App.—Dallas 2019, pet. ref'd) (citations omitted) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)).

In a community supervision revocation proceeding, the trial court is the trier of fact and "the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker*, 389 S.W.3d at 865. "We review the evidence in the light most favorable to the trial court's ruling." *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). "If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision." *Id.* (citing *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984)).

## II.  Analysis

In his sole issue in his consolidated brief, Griffin argues that the trial court erred in revoking his community supervision based on his alleged failure to pay fees and fines.  The State's motion to revoke alleged the following violations of Griffin's community supervision: (1) Griffin committed a new offense while on community supervision, (2) Griffin tested positive for drugs during his community supervision period, (3) Griffin failed to make restitution payments in the amount of $4,910.00, and (4) Griffin did not complete his 100 hours of community supervision restitution.

Griffin solely challenges the third allegation, namely that he failed to pay his restitution. He argues that the trial court did not "inquire into the reasons" for his failure to pay and thus could not revoke solely on the failure-to-pay allegations.  Griffin, however, fails to challenge the remaining alleged violations found true by the trial court, including that Griffin committed assault while on community supervision, tested positive for drugs during community supervision, and failed to complete his community service.  Because proof of a single violation is sufficient to support revocation, we may affirm the trial court's judgment based on multiple, unchallenged findings.  *See Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("Because appellant failed to challenge all findings in support of the trial court's revocation, we need not address appellant's argument challenging the finding that appellant violated a condition of his community supervision by using marijuana.").  Thus, we need not address his sole complaint regarding the failure to pay fees and fines.  TEX. R. APP. P.

4

47.1 (providing that a "court of appeals must hand down a written opinion that is as brief as practicable" and "necessary [for] final disposition of the appeal").

Accordingly, Griffin's sole issue on appeal is overruled.

## III.    Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     May 21, 2025
Date Decided:       May 22, 2025

Do Not Publish