**Opinion issued December 18, 2025**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-24-00084-CR

—————————————

**DIMENISA DESHAY BIRDWELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Case No. 18786**

---

## MEMORANDUM OPINION

Dimenisa Deshay Birdwell pled guilty to evading arrest in a vehicle, a third-degree felony (due to a prior conviction for evading arrest). TEX. PENAL CODE § 38.04(a), (b)(2)(A). The trial court entered a judgment deferring adjudication. It placed her on community supervision for two years, subject to various conditions.

The State subsequently moved to revoke community supervision, alleging that Birdwell had violated multiple conditions of her community supervision. On that basis, the State moved to adjudicate Birdwell's guilt for evading arrest in a vehicle and to assess her punishment for this offense.

After an evidentiary hearing, the trial court found that several of the violations alleged by the State were true. It entered a judgment adjudicating Birdwell's guilt for evading arrest and sentenced her to four years' imprisonment for this crime.

On appeal, Birdwell challenges some, but not all, of the violations of the conditions of her community supervision that the trial court found to be true.

But any one violation is sufficient to support a trial court's revocation of community supervision and adjudication of guilt. Therefore, to obtain reversal of a trial court's judgment adjudicating guilt, an appellant must successfully challenge all of the violations found to be true. When, as here, an appellant fails to do so, she presents nothing for review, and we can only affirm the trial court's judgment.

## BACKGROUND

After the evidentiary hearing, the trial court found that Birdwell violated 11 distinct conditions of her community supervision. On appeal, she challenges only three of these violations. She argues that the trial court erred in finding those three.

2

**DISCUSSION**

**Applicable Law on Revocation of Community Supervision**

A trial court has discretion to revoke community supervision if the State proves by a preponderance of the evidence that the defendant has violated a condition of her community supervision. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). Proof of a single violation is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

Thus, under settled and binding precedent, to secure reversal of a trial court's revocation of community supervision and its judgment adjudicating the defendant's guilt, an appellant must successfully challenge all violations of the conditions of community supervision found by the trial court. *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see also Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (defendant was not entitled to hearing on new-trial motion concerning revocation because he only argued that trial court erred in finding one of three violations). If the appellant does not challenge all violations, then she presents nothing for review. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975); *see also Guerrero v. State*, 554 S.W.3d 268, 273–74 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (trial court abuses discretion in revoking if State fails to prove violation of a condition of community supervision, and appellate court does not

review challenge to violation when appellant fails to challenge all violations found in support of revocation).

## Analysis

It is undisputed that Birdwell challenges only three of the 11 violations of the conditions of her community supervision found by the trial court. Under the above-described binding precedent, her failure to challenge all 11 violations is fatal to her appeal. *See Moore*, 605 S.W.2d at 926; *Gobell*, 528 S.W.2d at 224; *Silber*, 371 S.W.3d at 611; *see also Pleasant v. State*, No. 01-14-00586-CR, 2015 WL 2393393, at *3 (Tex. App.—Houston [1st Dist.] May 19, 2015, no pet.) (mem. op., not designated for publication) (similar); *Guerrero*, 554 S.W.3d at 274 (sister court reaching same conclusion); *Guillory v. State*, 652 S.W.3d 923, 928 (Tex. App.—Eastland 2022, pet ref'd) (same).

Birdwell argues that we should nonetheless review the three violations she challenges because they may have affected the sentence the trial court imposed.

Not so. When a trial court revokes community supervision, adjudicates guilt, and sentences the defendant, it sentences her for the *underlying crime* to which she previously pled guilty—not for the violations of her conditions of community supervision that precipitated the adjudication. *Buerger v. State*, 60 S.W.3d 358, 365–66 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Here, the sentence imposed by the trial court was within the authorized range for the third-degree felony of evading arrest. *See* TEX. PENAL CODE § 12.34(a) (range for third-degree felonies is two to ten years). And Birdwell does not cite any record support for the proposition that the length of the sentence imposed by the trial court was influenced in any way by her violations of her conditions of community supervision. Thus, we reject her contention that we must review the three violations she challenges. *See Buerger*, 60 S.W.3d at 365–66 (record did not support appellant's contention that trial court sentenced him for violation of condition of probation instead of actual offense).

## CONCLUSION

We affirm the trial court's judgment.


Jennifer Caughey
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).