

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00141-CR

_____

JARED DOMEI MALOID, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1576238D

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

In October 2019, Appellant Jared Domei Maloid, pursuant to a plea bargain, pleaded guilty to the third-degree felony offense of indecency with a child by exposure, *see* Tex. Penal Code Ann. § 21.11(a)(2), (d), and was placed on six years' deferred adjudication community supervision with sex offender conditions. In December 2020, the State filed its third amended petition[1] to proceed with adjudication of guilt in which it alleged that Maloid had committed numerous violations of the terms of his community supervision. At the adjudication hearing, Maloid pleaded "true" to violating the terms of his community supervision.[2] The trial court adjudicated him guilty and sentenced him to four years' incarceration. This appeal followed.

On appeal, Maloid's court-appointed appellate counsel has filed a motion to withdraw and a brief reflecting that counsel has determined, after examining the appellate record, that no arguable grounds for appeal exist. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional evaluation of the entire record in the case demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. We have independently examined the record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim.

---

[1]The State filed its initial petition to adjudicate in April 2020 and filed its first and second amended petitions in October 2020.

[2]At the adjudication hearing, the State waived the eighth alleged violation set forth in its petition. Maloid pleaded "true" to the remaining alleged violations.

App. 1991); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). In compliance with *Kelly v. State*, counsel provided Maloid with copies of his brief and motion to withdraw, and he informed Maloid of his right to review the record and to file a pro se response. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Maloid filed a pro se response in which he requested that his sentence be vacated.[3] The State submitted a letter indicating that it would not file a response to the *Anders* brief or to the motion to withdraw filed by Maloid's counsel.

---

[3]In his response, Maloid argues that his sentence should be vacated because he did not know that the victim was underage and because the conditions of his community supervision were unduly strict and—to the extent that they barred his access to the internet or social media—unconstitutional. *See generally Packingham v. North Carolina*, 582 U.S. 98, 137 S. Ct. 1730 (2017). However, because Maloid's original guilty plea was pursuant to a plea bargain, issues pertaining to that plea are beyond the scope of this appeal. *See Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999); *Whillhite v. State*, 627 S.W.3d 703, 705 (Tex. App.—Austin 2021, pet. ref'd) ("[A] defendant may not raise issues related to the original plea proceeding in an appeal of the revocation of his deferred adjudication; instead, in an appeal from revocation proceedings, the defendant is limited to challenging the grounds for revocation." (citing *Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016))); *see also Jackson v. State*, Nos. 09-16-00492-CR, 09-16-00493-CR, 2017 WL 2698049, at *2–5 (Tex. App.—Beaumont June 21, 2017, no pet.) (mem. op., not designated for publication) (holding appellant had waived complaint that community supervision conditions violated his First Amendment rights because it did not involve a right fundamental to the adjudication process and he had "affirmatively, plainly, freely and knowingly agreed to the terms and conditions"). *But cf. Dansby v. State*, 448 S.W.3d 441, 446–52 (Tex. Crim. App. 2014) (holding that conditions did not give fair notice that appellant would be subject to waiving his Fifth Amendment rights and therefore this issue did not need to be preserved when imposed). Moreover, because Maloid pleaded "true" to all of the alleged violations of the conditions of his community supervision and because the State need only prove one violation to prevail at a revocation hearing, *see Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012), we need not consider Maloid's constitutional challenge to the conditions restricting his access to the internet and social media. *See Guerrero v. State*, 554 S.W.3d 268, 274 (Tex.

After carefully reviewing the record, we have determined that the $25 "time payment fee" assessed after the adjudication order and reflected in a subsequent bill of costs and the adjudication judgment is premature and should be deleted. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62, 2003 Tex. Gen. Laws 979, 996–97, *redesignated as* Tex. Code Crim. Proc. Ann. art. 102.030.[4] The Court of Criminal Appeals recently held that "the time payment fee was designed to be triggered by the finality of the judgment" and that "[t]he pendency of an appeal stops the clock for purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Because Maloid perfected his appeal prior to the thirty-first day following the entry of the judgment, the assessment of the time payment fee was premature.[5] *See Garza v. State*, No. 02-20-00155-CR, 2022 WL 488933, at *3–4 (Tex.

---

App.—Houston [14th Dist.] 2018, no pet.); *see also Alexander v. State*, No. 04-20-00480-CR, 2021 WL 6053736, at *2 (Tex. App.—San Antonio Dec. 22, 2021, no pet.) (mem. op., not designated for publication). In any event, counsel did not preserve an argument that Maloid's community supervision could not be revoked based upon his violations of the challenged conditions; he merely raised these constitutional challenges in mitigation in what amounts to a "true but" plea. *See Criado v. State*, Nos. 02-21-00104-CR, 02-21-00105-CR, 2022 WL 2071791, at *3 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op., not designated for publication).

[4]Due to Maloid's November 9, 2018, offense date, we apply the former version of the time-payment-fee statute. The redesignated section was effective on January 1, 2020, and applies only to convictions with offense dates on or after that date. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. 3981, 4010.

[5]To the extent that the time payment fee was levied because Maloid failed to timely pay certain fines, fees, or other court costs assessed in the order deferring adjudication, this was improper because such an order is not a "judgment." *See Turner*

4

App.—Fort Worth, Feb. 17, 2022, no pet.) (mem. op., not designated for publication); *see also Guevara v. State*, No. 02-21-00069-CR, 2022 WL 1042919, at *4 (Tex. App.—Fort Worth Apr. 7, 2022, no pet.) (mem. op., not designated for publication). Thus, we strike the time payment fee in its entirety, without prejudice to its being assessed later if, more than 30 days after the issuance of the appellate mandate, Maloid has failed to completely pay any court costs that he owes. *See Dulin*, 620 S.W.3d at 133.

Except for the modification to the judgment discussed above, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, modify the trial court's judgment to remove the $25 time payment fee from the bill of costs (without prejudice to its being assessed later), and affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b); *Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.).

/s/ Dabney Bassel
Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 13, 2023

---

*v. State*, No. 05-19-01493-CR, 2021 WL 3083501, at *2 (Tex. App.—Dallas July 21, 2021, no pet.) (mem. op. on remand, not designated for publication).